# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

---

United States of America,

        Plaintiff,

v.                                                                   Case No. 10-cr-117-BB

Jeff M. Henderson,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of Defendant's motion to revoke the detention order entered against him by the Magistrate Judge Cleary. The Court has held a hearing and reviewed the submissions of the parties and the relevant law. At the hearing the Court orally denied Defendant's motion; this opinion and order reduce the Court's decision to writing.

**Standard of Review**

The Magistrate Judge ordered Defendant detained pending trial under the authority of 18 U.S.C. § 3142. This Court is required to review that decision *de novo* and make an independent determination concerning pretrial detention or conditions of release. *See United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). In performing that *de novo* review, the Court is not required to hold a new evidentiary hearing but has the discretion to rely on the record developed at the hearing held by the Magistrate Judge. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Hensler*, 1994 WL 83436 (5th Cir. unpublished). In this case, the Court has reviewed the transcript of the detention hearing as well as the exhibits submitted at that hearing and by co-Defendant Yelton, and has heard argument of the parties at a non-evidentiary hearing. At this point no justification for a new evidentiary hearing has been offered by Defendant; however, the

Court has agreed to consider testimony from two witnesses if Defendant is able to produce the witnesses for such a hearing.

In making a determination on the detention issue the Court must consider the following factors: (1) the nature and circumstances of the offenses charged against Defendant; (2) the weight of the evidence concerning those charges; (3) Defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person and the community that would be posed if Defendant is released. *See Cisneros*, 328 F.3d at 618; 18 U.S.C. § 3142(g). The Court will discuss these factors below.

**Discussion**

The offenses charged against Defendant are extremely serious. Defendant is charged with various offenses in over 50 counts of the indictment. [Doc. 2] A number of these counts are serious enough that they give rise to a statutory presumption, albeit a rebuttable one, to the effect that detention pending trial is the appropriate disposition of the detention question. 18 U.S.C. § 3142(e)(3).[1] Other counts implicate the impartiality of the justice system in this country, including charges that Defendant misused his position as a law enforcement officer to wrongly obtain search warrants and convictions, and to suborn perjury.

As to the second factor, the weight of the evidence supporting the charges, the Government has not attempted to provide evidence supporting each of the numerous charges that have been brought against Defendant. However, the Government provided enough of a representative sample of the evidence that will presumably be presented at trial to allow the Court to determine that there is ample testimony, should it be believed by the jury, to convict Defendant of the charges.

---

[1] Defendant did not contest the assertion that the presumption is applicable to this case, either at the detention hearing or before this Court.

The third factor, Defendant's personal history and characteristics, weighs in Defendant's favor. The testimony at the detention hearing established that he has solid ties to the local community, strong family support, no prior criminal history, and little motivation to flee the area. It was for this reason that the Magistrate Judge decided a risk of flight is not an issue in this case. The Court agrees with that assessment after its *de novo* review of the evidence.

The final factor was the basis for the Magistrate Judge's decision concerning detention, and it is also this Court's primary ground for reaching the same result. The danger to individuals or the community that would be posed if Defendant is released is the substantial risk that Defendant will engage in obstruction of justice or attempt to tamper with witnesses. The evidence presented at the detention hearing established that Defendant has threatened violence to individuals who might consider informing on him, has obtained perjured testimony from at least one witness, and has contacted a witness in this case despite being forbidden to do so by his superiors.[2]

Specifically, Brandon McFadden, a former ATF agent who has been convicted and is cooperating with federal investigators, told those investigators that Defendant was present on two occasions when co-Defendant Yelton threatened McFadden. These threats were directed at preventing McFadden from becoming a "snitch" and intimidating him into "laying low" and keeping his mouth shut, and on the second occasion included the display of a handgun.[3] Subsequently McFadden returned to Tulsa to testify in state court. Defendant ran into McFadden and made what

---

[2] The Court recognizes Defendant's arguments that this evidence is unreliable. The Court also assumes, for purposes of this motion, that Defendant will at trial be able to present evidence contradicting the evidence presented at the detention hearing. At this point, however, the evidence stands uncontradicted and is corroborated by the pattern of behavior exhibited with several individuals rather than just one.

[3] The Magistrate Judge's statement of reasons for the detention order provide more detail concerning the circumstances surrounding these threats. The Court sees no need to repeat that detail in this opinion.

McFadden considered an implied threat, by mentioning he had looked up McFadden's residence in Lubbock, Texas, on Google Earth, and knew there was a vacant lot next to his house.

In addition to the threats made against McFadden, testimony at the detention hearing revealed Defendant's involvement in threats of violence against other individuals possessing information that could harm Defendant, or from whom Defendant wanted to obtain information. Waylon Dumas, an informant for Defendant, told investigators that at one point he was riding in a vehicle with Defendant and co-Defendant Yelton, and Defendant pulled out his firearm, turned around and placed the gun over the car seat, and told Dumas, "If you ever fuck us over, we will kill you." James Fue,[4] another informant, told investigators Defendant put a gun to his head and told him to start providing good information, and to do so immediately.

There was extensive testimony at the detention hearing concerning Rochelle Martin, an informant who provided false testimony in federal proceedings at the instigation of both Defendant and co-Defendant. Ms. Martin was induced to testify that she was the confidential informant referred to in a search-warrant affidavit that had been used to obtain a warrant. Defendant and co-Defendant coached her in what testimony to provide and how to provide it. Later, after Ms. Martin received a grand-jury subpoena in this case, Defendant came to her house and made what could be construed as an emotional plea not to put him in prison. Still later, in May 2010 and after Defendant had been instructed by his superiors not to contact Ms. Martin, his truck was seen parked in front of her home. This caused federal agents to move her to a different location.

In sum, there is evidence that Defendant has not hesitated to use threats of physical violence to intimidate people in an attempt to either keep them quiet or make them talk. He has also not

---

[4]The detention hearing transcript spells the last name "Fue"; the Magistrate's statement of reasons spells it "Few." The Court has adopted the former spelling since it was also used in the indictment, although the Magistrate's spelling may very well be correct.

shown any compunction against tampering with the judicial process by obtaining falsified testimony. This type of activity has continued as late as May of this year. For this reason, the Court finds by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure that Defendant will not attempt to tamper with witnesses or obstruct justice.[5] Thus, Defendant's continued detention is warranted.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant's motion to revoke the detention order entered in this case be, and hereby is, DENIED.

Dated this 12th day of August, 2010.

_____
BRUCE D. BLACK
United States District Judge
Sitting by Designation

---

[5] In reaching this determination, the Court has considered Defendant's suggestions for alternative conditions, such as surrendering his firearms and telephone and subjecting himself to an ankle bracelet or home confinement. The Court finds these measures are inadequate, as they are too easily circumvented.