IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
_____

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                 **No. CR 10-117 BDB**

**JEFF M. HENDERSON and**
**WILLIAM A. YELTON,**

    **Defendants.**

## MEMORANDUM OPINION
## AND ORDER DENYING GOVERNMENT'S
## MOTION TO DISQUALIFY COUNSEL FOR CONFLICTS OF INTEREST

**THIS MATTER** came before the Court on the Government's Motion for Hearing on Conflicts of Interest [doc. 44] and to disqualify B. Thomas Seymour from representing Defendant Jeff Henderson based on his prior and continuing representation of José Angel Gonzalez. The Court having read all submissions and heard oral argument on September 22, 2010, finds any currently known conflicts were knowingly and intelligently waived by Defendant Henderson. The Motion is therefore Denied.

### *Discussion*

The Government challenged Mr. Seymour's representation of Defendant Henderson on the ground that Mr. Seymour also previously and currently represents

José Angel Gonzalez. Count 37 of the original indictment in this case charges Jeff M. Henderson with conspiring to deprive José Angel Gonzalez of his civil rights. Specifically, Count 37 of the Indictment claims that Henderson utilized his position as a law enforcement officer with Tulsa Police Department to obstruct justice through providing false information in an affidavit submitted in support of a search and seizure warrant for the residence of José Angel Gonzalez. The indictment alleges Officer Henderson and others conspired to deprive Gonzalez of his constitutional rights by breaking into his house in September 2007 and moving a gun from a closet to a vent. On September 27, 2007, Henderson prepared a search warrant in which the indictment alleges that Henderson falsely represented that a reliable confidential informant had observed José Angel Gonzalez selling drugs from his residence. That search warrant was executed on September 26, 2007, and the gun that had earlier been placed in a vent at Gonzalez's residence was found. Gonzalez was later charged with and pled guilty to possession of an unregistered sawed-off shotgun in Case No. 08-CR-025-TCK filed in the Northern District of Oklahoma. That case has now been dismissed.

At the hearing on September 22, 2010, Mr. Seymour appeared with a Declaration of Jeff Henderson which reads:

1. R. Thomas Seymour has explained to me about his representation of José Angel Gonzalez in connection with cases 08-CR-25-TCK and 08-CR-98-TCK.
1. I have discussed in detail the possibility of actual or potential conflict of interest with Mr. Seymour and with other lawyers.

2

3.  Based on my statements in 1 and 2 above, I know of no actual or possible conflict of interest on Mr. Seymour's part if he represents me at the hearings on September 22-24, 2010.
4   I asked Mr. Seymour to continue as my lawyer until October 5, 2010, and he has agreed to do so at my request. The work he has put in concerning the various matters in the motions to be heard on those days cannot be duplicated. He has represented me with professionalism and skill. I very much request the Court to permit him to lead the defense at the hearings on September 22-24, 2010.
5   I waive any actual or potential conflict of interest that Mr. Seymour could have in representing me until October 5, 2010.

Done this 21st day of September 2010.

**The Court also put Defendant Henderson under oath and on the witness stand and the following colloquy occurred:**

Q. Officer. Henderson, you understand you are under oath?
A. Yes, sir.
Q. You have filed an affidavit that indicates you are willing to waive any conflict that may arise between yourself and of Mr. Seymour's other client José Angel Gonzalez?
A. Yes, I have, and I understand.
Q. Tell me what the involvement with Mr. Gonzalez' gun case – what your involvement was with Mr. Gonzalez' gun case.
A. I was the affiant of the search warrant and the affidavit for his residence where we located the weapon.
Q. Do you understand if that matter goes to trial, Mr. Seymour may be placed in a position of having to cross-examine you as to the bona fidities of what you put in the affidavit?
A. Yes, sir, I do.
Q. He will have to attempt to prove that you were untrustworthy or lying in that affidavit, potentially; do you understand that?
A. I do.
Q. His role in that case, then, will be to undercut you, and he will still be your lawyer in this case; do you understand that?
A. Yes, sir.
Q. You're willing to waive that potential conflict and have him cross examine you and indicate that you were untruthful in that affidavit if that's what's required in Mr. Gonzalez' case?

> A. Yes, sir, I am.

The Court also provided the Government's counsel the opportunity to question Defendant Henderson on the knowing and voluntary nature of his waiver. Counsel declined to question Defendant Henderson on the issue.

There is a legal presumption in favor of the defendant' choice to waive the right of conflict free representation and retain his counsel of choice even knowing of the conflict. *Martinez v. Zavaras*, 330 F.3d 1259, 1263 (10th Cir. 2003); *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003); *United States v. Amini*, 149 F.R.D. 647, 651 (D. Utah 1993). While Mr. Seymour had a direct conflict of interest while the gun charge was pending against Gonzalez, which the Court explained to Henderson, when the gun charge was dropped any direct conflict evaporated.

The Government, however, postulated that Mr. Seymour could have a conflict if the Henderson case was dismissed thus depriving Gonzalez of the opportunity to cooperate and potentially earn a 5.K.1 letter and downward departure. This is a highly speculative conflict especially since Mr. Seymour has filed a motion to withdraw from the present case on October 5, 2010, and that has been granted. At this point, then, the Court sees no conflict of interest in Mr. Seymour's representation of Defendant Henderson through his October 5, 2010, withdrawal.

Furthermore, the Application to Withdraw as Counsel for Officer Henderson [doc. 76] and the Amended Motion to Withdraw as Counsel [doc. 83] are GRANTED

4

**and Mr. Seymour is allowed to withdraw as counsel for Defendant Henderson. The Motion to Dismiss as Moot the Motion for Hearing on Conflicts of Interest on the Part of Mr. Seymour [doc. 87] is MOOT.**

**SO ORDERED this 15th day of October, 2010.**

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
Chief Judge
Sitting by Designation